IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF
PENNSYLVANIA

| | |
|---|---|
| In Re,<br><br>EVANGELINE S EM<br>Debtor,<br><br>AMERICAN HONDA FINANCE CORPORATION<br>Movant,<br><br>v.<br><br>EVANGELINE S EM, and<br>KENNETH E. WEST, Trustee,<br>Respondents. | Bankruptcy No. 26-11796-djb<br><br><br>Chapter 13 |

ORDER OF COURT

AND NOW, this ___ day of _________________, 2026, upon consideration of the foregoing Stipulation Resolving Motion for Relief from the Automatic Stay, it is hereby ORDERED that the Stipulation is approved.

BY THE COURT

**Date: August 13, 2026**

______________________________
Honorable Derek J. Baker
U.S. Bankruptcy Court Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF
PENNSYLVANIA

| | |
|---|---|
| In Re,<br><br>EVANGELINE S EM<br>Debtor,<br><br>AMERICAN HONDA FINANCE CORPORATION<br>Movant,<br><br>v.<br><br>EVANGELINE S EM, and<br>KENNETH E. WEST, Trustee,<br>Respondents. | Bankruptcy No. 26-11796-djb<br><br><br>Chapter 13 |

STIPULATION RESOLVING MOTION FOR RELIEF FROM THE AUTOMATIC STAY

AND NOW, comes Movant, American Honda Finance Corporation (the "Movant"), by and through its undersigned counsel, Keri P. Ebeck, and, Debtor, Evangeline S Em, (the "Debtor"), by and through their undersigned counsel, Brad J. Sadek, Esquire, and together file this *Stipulation Resolving Motion for Relief from the Automatic Stay* (the "Stipulation"), stating as follows:

1. The automatic stay as provided by Section 362 of the Bankruptcy Code shall remain in full force and effect conditioned upon the terms and conditions set forth herein.

2. Movant has a secured interest in the 2021 Honda Accord, VIN: 1HGCV3F48MA003871 (the "Vehicle"),.

3. As of the date of this Stipulation, the Debtor is in default of their post-petition payment obligations to Movant in the amount of $1,962.24.

4. Debtors will cure the remaining post-petition arrears:

   a. by adding $327.04 to each monthly payment to Movant until the post-petition arrears are cured.

b. After the post-petition arrears are cured, Debtors shall, timely, make all future regular monthly payments to Movant pursuant to the terms of the Contract.

c. The first payment due under this Stipulation will be the payment that comes due on August 6, 2026. The payments and due dates will be as follows:

| | |
|---|---|
| August 6, 2026 | $855.10 |
| September 6, 2026 | $855.10 |
| October 6, 2026 | $855.10 |
| November 6, 2026 | $855.10 |
| December 6, 2026 | $855.10 |
| January 6, 2027 | $855.10 |

5. Debtors shall direct the payments to:

American Honda Finance Corporation
PO Box 168088
Irving, Texas 75016-8088

Payments must be received by Movant at the above-referenced address on or before the 6th day of each month. Debtor will be in default under the Stipulation in the event that the Debtor fails to comply with the payment terms and conditions in Paragraph 4, *supra.* If the Debtor default under this Stipulation, Movant may send Debtor and Debtor's counsel a Notice of Default. Debtor will have thirty (30) days from the date of the Notice of Default to cure the default. If default is not cured after thirty days, a Certification of Default will be immediately filed with the Court by the Movant.

6. In the event the instant bankruptcy case is converted to a case under Chapter 7 of the Bankruptcy Code, the Debtor shall cure the pre-petition and post-petition arrears within thirty (30) days from the date of such conversion. Should the Debtor fail to cure said arrears within the thirty-day period, such failure shall be deemed a default under the terms of this Stipulation and

Movant may send Debtor and counsel a written notice of default. If the default is not cured within thirty (30) days from the date of the notice, counsel for Movant may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the automatic stay as to the Vehicle.

7. This Stipulation may only be modified by a revised Stipulation filed on the docket in the Bankruptcy. No oral modifications are permitted and any allegation that the Stipulation was modified orally will be disregarded as evidence. No written modifications are permitted, except for a revised Stipulation filed on the docket in the Bankruptcy.

Agreed to by:

By: /s/*Keri P. Ebeck*
Keri P. Ebeck, Esq.
PA I.D. # 91298
kebeck@metzlewis.com
444 Liberty Avenue, Suite 2100
Pittsburgh, Pa 15222
Phone - (412) 918-1112

*Counsel for American Honda Finance Corporation*

By: /s/ Brad J. Sadek
Brad J. Sadek, Esq.
PA I.D. # 90488
brad@sadeklaw.com
Sadek Law Offices, LLC
1500 JFK Boulevard
Ste 220
Philadelphia, PA 19102
215-545-0008

*Counsel for the Debtor*

No Objection

By: /s/ LeeAne O. Huggins .
Kenneth E. West,
Standing Chapter 13 Trustee

Dated: August 11, 2026